UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TABUTA JOHNSON,<br>*also known as,* HUMES,<br>Petitioner,<br>v.<br>RUSSELL PERRY, *et al.*,<br>Respondents. | Case No. 3:19-cv-00018-MMD-CBC<br><br>ORDER |

In this habeas matter under 28 U.S.C. § 2254, Tabuta Johnson ("Petitioner" or "Johnson") comes before the Court on his application to proceed *in forma pauperis* (ECF No. 1) and his request to stay that is embedded within the petition. The Court finds that Johnson is unable to reliably pay the filing fee within a reasonable time and therefore will grant the pauper application.

I.  **BACKGROUND**

Johnson seeks to challenge his Nevada state conviction, pursuant to a jury verdict, of one count of conspiracy to commit robbery, two counts of robbery, and one count of battery with intent to commit a crime. The state district court adjudicated Johnson a habitual criminal and sentenced him to four sentences of 10 to 25 years, with two of the sentences to run consecutively. *Johnson v. State*, 354 P.3d 667, 670 & 672 (Nev. App. 2015).[1]

///

///

---

[1] In addition to the papers on file and materials available via online legal research, the Court takes judicial notice of the online docket records of the state district court and state appellate courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The state court online docket records may be accessed from:
https://www.clarkcountycourts.us/Anonymous/default.aspx
https://nvcourts.gov/Supreme/

On direct appeal, the state appellate court order of affirmance was filed on July 30, 2015. The time to file a petition for *certiorari* review in the United States Supreme Court expired 90 days later, on Wednesday, October 28, 2015.

After 295 days had elapsed following the expiration of the time to seek *certiorari* review, on August 19, 2016, a post-conviction petition was filed in the Supreme Court of Nevada, under No. 71064 in that court.

The copy of the petition in the online record in No. 71064 is captioned for the Eighth Judicial District Court. However, Johnson's certificate of service directed that the petition be mailed to, *inter alia*:

> Clerk of Courts,
> Tracie Linderman
> 200 Lewis Ave., 2nd Floor
> Las Vegas, NV. 89155-1160

The street address listed was a street address for the Eight Judicial District Court Clerk. Tracie Lindeman, however, was the Clerk of the Supreme Court of Nevada. Apparently, the petition was routed at some point to the Clerk of the Supreme Court of Nevada for filing. The copy of the petition in that court's online record has "received" and "filed" stamps only by the state supreme court's clerk. (*See also* ECF No. 1-1 at 14–15.)

On October 13, 2016, the state supreme court denied the petition, declining to exercise the court's original jurisdiction over a petition directed to that court. The order further stated: "A challenge to the validity of the judgment of conviction must be raised in a postconviction petition for a writ of habeas corpus filed in the district court in the first instance." The court expressed no opinion as to whether Johnson could meet the procedural requirements for such a petition. The order reflected that a copy of the order was cc'd to, *inter alia*, Johnson in proper person. A notice in lieu of remittitur issued on November 7, 2016.

///
///
///

Absent other tolling or delayed accrual, the one-year federal limitation period under 28 U.S.C. § 2244(d) putatively would expire, on the current record, after another 70 days elapsed, on Tuesday, January 17, 2017, after Martin Luther King, Jr. Day.[2]

After the November 7, 2016, remittitur, it does not appear that Johnson took any action in either state or federal court for over two years.

Johnson asserts within the petition in this matter, *inter alia*, that he "is not trained at law and it was not until December of 2018 that the petitioner chanced upon [a] next friend inmate who noticed petitioner of statute of limitation issues." (ECF No. 1-1 at 9.)[3]

On December 3, 2018, Johnson filed a motion in the state district court for the clerk to verify receipt of his habeas corpus petition and to send a register of the case action. Minutes from January 7, 2019, reflect that the state district court denied the motion noting that Johnson had served the documents on the state supreme court clerk and the petition had not been received by the district court clerk. The court further noted that Johnson could file a petition indicating why he would not be barred procedurally by time constraints.

On February 14, 2019, Johnson appealed the district court action on the motion, in a proceeding docketed under No. 78159 in the state appellate courts. The state district court entered a written order on March 1, 2019. The state high court dismissed the appeal on March 21, 2019, on the basis that no statute or rule provided for an appeal from such an order.

///

///

---

[2]*See Blair v. Crawford*, 275 F.3d 1156 (9th Cir. 2001) (original petition in the state supreme court statutorily tolled the running of the federal limitation period). Johnson currently is litigating issues concerning the application of state timeliness rules in the state courts. The Court emphasizes that the running of the state limitations period is calculated differently from the running of the federal limitations period. The rules regarding when a limitations period starts to run and what tolls or stops the running of a limitations period are different under Nevada state law and federal law. Nevada state law, not federal law, is determinative of how the running of the state limitations period is calculated. Moreover, the calculation of the federal limitation period—specifically as to statutory tolling under § 2244(d)(2)—potentially could change depending on the outcome of the currently pending state court proceedings.

[3]In reciting assertions of fact made in state or federal court, the Court at this juncture makes no credibility determinations or factual findings regarding the truth or falsity of any statement of fact.

3

Meanwhile, Johnson dispatched the federal petition in this matter to the Clerk for filing on or after January 9, 2019. (ECF No. 1-1 at 12.)

On February 13, 2019, Johnson filed a state postconviction petition in the state district court, which has been docketed under No. A-19-789316-W. Minutes from April 22, 2019, and May 1, 2019, reflect, *inter alia*, that counsel has been appointed for Johnson "on the limited issue of whether the petition was barred as untimely."

**II. DISCUSSION**

The Court is persuaded that it should grant Johnson's request for a stay pending the outcome of the currently pending state court proceedings and finds that he has demonstrated the good cause that is required for a stay. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005) (a petitioner's reasonable confusion as to whether a pending state petition may be found timely will ordinarily constitute good cause for filing a protective petition in federal court and seeking a stay). The Court further finds, in connection with the remaining requirements for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), that Johnson presents at least one claim that is not plainly meritless and that the current record does not reflect intentional dilatoriness on his part. The Court otherwise makes no explicit or implicit finding or holding as to any other issue or potential issue in the case, including any issues regarding timeliness under the federal one-year limitation period, exhaustion, procedural default, or any other issue.

**III. CONCLUSION**

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted and that Petitioner will not be required to pay the filing fee.

It is further ordered that the Clerk will file the petition and that this action will be stayed until further order of the Court.

It is further ordered that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen within 60 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the current state court proceedings. Petitioner will attach with any such motion copies of the intervening state court decisions

4

and of any further state court filings pertinent to the motion. Failure to timely file a motion as provided for herein may result in entry of a final judgment dismissing the action without prejudice.

It is further ordered that the Clerk will administratively close this action until the Court reopens the matter. The reopened matter will proceed under the same docket number.

Finally, the Clerk will provide Petitioner a copy of the papers that he filed along with the service copy of this order.

DATED THIS 23rd day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE