UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TABUTA JOHNSON, *also known as*, HUMES,<br><br>                            Petitioner,<br>     v.<br>RUSSELL PERRY, *et al.*,<br><br>                          Respondents. | Case No. 3:19-cv-00018-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This is a closed habeas corpus action under 28 U.S.C. § 2254. Petitioner Tabuta Johnson commenced this action and immediately asked for a stay while he litigated whether his state post-conviction habeas corpus petition was timely filed in state court. The Court granted Johnson's request. (ECF No. 4.) Johnson has now filed a motion for appointment of counsel (ECF No. 6), with a copy of the Court's prior order and a copy of a remittitur issued by the Supreme Court of Nevada. Based upon these documents, the Court will reopen the action.

The Court has reviewed Johnson's Petition (ECF No. 5 ("Petition")) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Johnson will need to show cause why the Court should not dismiss the action as untimely.

The Court will deny Johnson's motion for appointment of counsel until and unless he can show cause not to dismiss the action.

///
///
///
///

## II. LEGAL STANDARD

Congress has limited the time in which a person can petition for a writ of *habeas corpus* under 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). However, an untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). Equitable tolling does not stop the limitations clock the way that statutory tolling does.

2

"First, for a litigant to demonstrate 'he has been pursuing his rights diligently,' *Holland*, 560 U.S. at 649 [. . .], and thus satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (*en banc*), *cert. denied*, 2020 WL 6829092 (2020). "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id.* at 599. "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id.*

Actual innocence can excuse operation of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

The petitioner effectively files a federal petition when he or she delivers it to prison officials to be forwarded to the clerk of the court. *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. Moreover, the court can raise the issue of timeliness on its own motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

///

///

## III. BACKGROUND

After a jury trial, Johnson was convicted in state court of one count of conspiracy to commit robbery, two counts of robbery, and one count of battery with intent to commit a crime. The state district court adjudicated Johnson to be a habitual criminal and imposed four sentences of 10 to 25 years in prison; two of the sentences run consecutively. *See Johnson v. State*, 354 P.3d 667, 671-72 (Nev. App. 2015). The Nevada Court of Appeals issued its decision on July 30, 2015. *Id.* The time to petition for a writ of certiorari in the Supreme Court of the United States expired on October 28, 2015.

On August 19, 2016, a post-conviction habeas corpus petition was filed in the Supreme Court of Nevada, Case No. 71064.[1] On October 13, 2016, the petition was denied. The Supreme Court of Nevada declined to exercise its original jurisdiction, and it stated that Johnson needed to file a post-conviction petition in the state district court to challenge the validity of his conviction. The court issued its notice in lieu of remittitur on November 7, 2016.

Johnson captioned the petition in Case No. 71064 for the Eighth Judicial District Court of the State of Nevada. However, Johnson's certificate of service had this address, among others:

> Clerk of Courts,
> Tracie Linderman [sic]
> 200 Lewis Ave., 2nd Floor
> Las Vegas, NV. 89155-1160

In its prior order, the Court stated:

> *The street address was a street address for the Eight Judicial District Court Clerk*. Tracie Lindeman, however, was the Clerk of the Supreme Court of Nevada. Apparently, the petition was routed at some point to the Clerk of the Supreme Court of Nevada for filing. The copy of the petition in that court's online record has "received" and "filed" stamps only by the state supreme court's clerk.

---

[1]The Court takes judicial notice of the online docket records of the state district court and the Nevada Appellate Courts. *E.g., Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The state-court online docket records may be accessed from:
https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 and
http://caseinfo.nvsupremecourt.us/public/caseSearch.do

4

(ECF No. 4 at 2 (emphasis added).) It is now clear that the emphasized sentence, though true, omitted a critical fact. At the time, that street address also was the street address of the Las Vegas office of the Clerk of the Supreme Court of Nevada. That court did not move to its current location in Las Vegas until February 28, 2017.[2] In 2016, mail addressed to Tracie Lindeman at 200 Lewis Avenue should have been delivered to the Clerk's Office of the Supreme Court of Nevada, without any intervention by the state district court's clerk.

On December 3, 2018, Johnson filed a motion in the state district court for the clerk to verify receipt of his habeas corpus petition and to send a register of the case action. Minutes from January 7, 2019, reflect that the state district court denied his motion, noting that Johnson had served the documents on the state supreme court clerk and that the district court clerk had not received the petition. The state district court also noted that Johnson could file a petition indicating why he would not be barred procedurally by time constraints.

On February 14, 2019, Johnson appealed the state district court's denial of his motion, Case No. 78159. The state district court entered on March 1, 2019, a written order denying the motion. On March 21, 2019, the Supreme Court of Nevada dismissed the appeal because no statute or rule of court provided jurisdiction for an appeal from such an order.

On February 13, 2019, Johnson filed a post-conviction habeas corpus petition in the state district court, Case No. A-19-789316-W. On January 24, 2020, that court denied the petition as untimely under NRS § 34.726(1). Johnson appealed. On November 23, 2020, the Nevada Court of Appeals affirmed. Remittitur issued on December 18, 2020.

Meanwhile, on January 9, 2019, Johnson dispatched the federal petition in this action to this Court. (ECF No. 1-1 at 12.) The Court then stayed the action while Johnson litigated his state post-conviction petition to its conclusion. (ECF No. 4.)

---

[2] *See Nevada Appellate Courts Move to New Downtown Las Vegas Courthouse* (Feb. 2, 2017, 12:25 PM), https://nvcourts.gov/Supreme/News/Nevada_Appellate Courts Move to_New_Downtown_Las_Vegas_Courthouse/.

## IV. DISCUSSION

### A. UNTIMELY

Between the finality of the judgment of conviction on October 28, 2015, and Johnson's filing of his post-conviction habeas corpus petition in the Supreme Court of Nevada on August 19, 2016, 295 days passed under the one-year period of 28 U.S.C. § 2244(d)(1).[3] The state petition, though filed in the wrong court, tolled the one-year period under 28 U.S.C. § 2244(d)(2). *See Blair v. Crawford*, 275 F.3d 1156 (9th Cir. 2001). That tolling ended after the issuance of the notice in lieu of remittitur on November 7, 2016. Johnson filed nothing in the state courts during the next 70 days, the amount of time remaining under 28 U.S.C. § 2244(d)(1). The one-year period expired on January 17, 2017, taking into account that the period otherwise would have expired on the Martin Luther King, Jr. holiday.

Neither the December 3, 2018 motion to verify receipt, nor the February 13, 2019 post-conviction habeas corpus petition tolled the one-year period under 28 U.S.C. § 2244(d)(2). The motion to verify receipt was not a challenge to the validity of the judgment of conviction, and thus it did not qualify under § 2244(d)(2). The post-conviction habeas corpus petition was untimely under state law, and thus it was not properly filed within the meaning of § 2244(d)(2). *See Pace*, 544 U.S. at 417. Moreover, the federal one-year period expired in early 2017. No time remained to be tolled. Petitions and motions filed after the expiration date do not revive an expired period of limitation. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Accordingly, Johnson will need to show cause why the Court should not dismiss this action as untimely.

### B. MOTION FOR APPOINTMENT OF COUNSEL

Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. *See*

---

[3] The Court is considering only the timeliness of the federal petition under federal law. The state's statute of limitations, NRS § 34.726(1), calculates time differently.

6

18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *See Weygandt*, 718 F.2d at 954. Johnson currently has no likelihood of success on the merits because the action is untimely. If Johnson can demonstrate why the Court should not dismiss the action, then he may renew his request for appointment of counsel.

**V.     CONCLUSION**

The Clerk of Court is directed to reopen this action and lift the stay.

It is therefore ordered that Petitioner Johnson 's motion for appointment of counsel (ECF No. 6) is denied.

It is further ordered that Johnson will have 45 days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

The Clerk of Court is further directed to add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to provide copies of this order and all prior filings to the Attorney General in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 10th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE