UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TABUTA JOHNSON, *also known as*, HUMES<br><br>                              Petitioner,<br>       v.<br><br>RUSSELL PERRY, *et al.*,<br><br>                              Respondents. | Case No. 3:19-cv-00018-MMD-CLB<br><br>ORDER |

## I.    SUMMARY

This is a habeas corpus action under 28 U.S.C. § 2254. Previously, the Court reviewed the petition (ECF No. 5 ("Petition")). The Court determined that it was untimely and directed *pro se* Petitioner Tabuta Johnson to show cause as to why the action should not be dismissed. (ECF No. 7.) Johnson has filed a motion showing cause. (ECF No. 9 ("Motion").) The Court finds that Johnson has not demonstrated that equitable tolling is warranted and will thus dismisses this action.

## II.    BACKGROUND

On July 30, 2015, the Nevada Court of Appeals affirmed the judgment of conviction for one count of conspiracy to commit robbery, two counts of robbery, and one count of battery with intent to commit a crime. *Johnson v. State*, 354 P.2d 667 (Nev. App. 2015). The deadline to file a petition for writ of certiorari to the United States Supreme Court expired on October 28, 2015. *See* Sup. Ct. R. 13(1).

On August 19, 2016, Johnson filed a petition for writ of habeas corpus in the Nevada Supreme Court. On October 13, 2016, the court denied the petition and told Johnson to file a post-conviction habeas corpus petition in the state district court. A notice in lieu of remittitur issued on November 7, 2016. *Johnson v. State*, Case No. 71064.[1]

---

[1]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=40281 (report generated November 8, 2021).

1       On December 3, 2018, Johnson filed a motion in the state district court for the clerk

2   of that court to verify receipt of the petition that Johnson mailed to the Nevada Supreme

3   Court. The state district court denied the motion, noting that Johnson had sent the petition

4   to the Nevada Supreme Court and that the state district court clerk never received the

5   petition. Johnson appealed. The Nevada Supreme Court dismissed the appeal because

6   it lacked jurisdiction over an appeal from that order. *Humes v. State*, Case No. 78159.[2]

7       On February 13, 2019, Johnson filed a post-conviction habeas corpus petition in

8   the state district court. The court denied the petition as untimely on January 24, 2020.

9   Johnson appealed. The Nevada Court of Appeals affirmed on November 23, 2020, and

10   remittitur issued on December 18, 2020. *Johnson v. State*, Case No. 80648.[3]

11       Johnson dispatched the petition in this action on January 9, 2019. (ECF No. 1-1.)

12   This Court stayed the action while Johnson litigated his state post-conviction petition to

13   its conclusion. (ECF No. 4.) Upon reopening the action, the Court directed Johnson to

14   show cause as to why the action should not be dismissed as untimely. (ECF No. 7.)

15   **III.   LEGAL STANDARD**

16       The one-year period of limitation of 28 U.S.C. § 2244(d)(1) is subject to equitable

17   tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to

18   equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and

19   (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

20   *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling does

21   not stop the limitations clock the way that statutory tolling does. "First, for a litigant to

22   demonstrate 'he has been pursuing his rights diligently,' *Holland*, 560 U.S. at 649 [. . .],

23   and thus satisfies the first element required for equitable tolling, he must show that he

24   has been reasonably diligent in pursuing his rights not only while an impediment to filing

25

26               [2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=54596 (report

27   generated November 8, 2021).

28               [3]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=58228 (report
generated November 8, 2021).

1    caused by an extraordinary circumstance existed, but before and after as well, up to the

2    time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir.)

3    (en banc), cert. denied, 141 S. Ct. 878 (2020). "[I]t is not enough for a petitioner seeking

4    an exercise of equitable tolling to attempt diligently to remedy his extraordinary

5    circumstances; when free from the extraordinary circumstance, he must also be diligent

6    in actively pursuing his rights." *Id.* at 599. "Second, and relatedly, it is only when an

7    extraordinary circumstance prevented a petitioner acting with reasonable diligence from

8    making a timely filing that equitable tolling may be the proper remedy." *Id.*

9    **IV.    DISCUSSION**

10            **A.    PETITION IS UNTIMELY**

11           To summarize what this Court determined in its previous order, 295 non-tolled

12   days passed between the finality of Johnson's judgment of conviction on October 28,

13   2015, and the filing of his habeas corpus petition in the Nevada Supreme Court on August

14   19, 2016. (ECF No. 7 at 6.) The one-year period of § 2244(d)(1) was tolled while that

15   petition was pending. 28 U.S.C. § 2244(d)(2); *Blair v. Crawford*, 275 F.3d 1156 (9th Cir.

16   2001). The Nevada Supreme Court denied the petition on October 13, 2016. The state

17   habeas corpus proceeding concluded, and tolling under § 2244(d)(2) ended, on

18   November 7, 2016, when the Nevada Supreme Court issued its notice in lieu of remittitur.

19   The one-year period of § 2244(d)(1) expired 71 days later, on Tuesday, January 17,

20   2017.[4] Johnson dispatched his federal habeas corpus petition to this Court on January 9,

21   2019, almost two years after the one-year period had expired.

22           **B.    STATE HABEAS CORPUS PETITION**

23           In the Petition, Johnson stated, "The court should note that the petitioner

24   (misinformed by the untrained and invincibly hostile and ignorant law library staff of Ely

25   State Prison) put 'Tracie Linderman's [sic]' name above the address '200 Lewis Avenue,

26   2nd Floor, Las Vegas NV 89155.'" (ECF No. 5 at 3.) At the time, Tracie Lindeman was

27   _____

28   [4]The Court adds one day to the due date because the due date would have
     otherwise been on Martin Luther King, Jr. Day, a federal holiday. *See* Fed. R. Civ. P.
     6(a)(1)(C).

                                          3

1  the Clerk of the Nevada Supreme Court. Exhibit 1 of the Petition contains a copy of a

2  certificate of service with the same name and address. (ECF No. 5 at 14.) In the Court's

3  previous order, the Court noted that the Nevada Supreme Court's Las Vegas office

4  shared the same address as the Eighth Judicial District Court when Johnson mailed his

5  state habeas corpus petition, so a petition with Tracie Lindeman's name and that mailing

6  address never would have gone to the Clerk's Office of the Eighth Judicial District Court.

7  (ECF No. 7 at 4-5.)

8      Johnson has attached an exhibit to his Motion that shows those facts are wrong.

9  The Nevada Supreme Court received Johnson's habeas corpus petition on August 19,

10  2016. (ECF No. 5 at 15.) Three days later, on August 22, 2016, Johnson signed and dated

11  a prison legal mail form acknowledging that the petition had been sent to:

12      Supreme Court, Clerk
       201 N. Carson St Suite 201
13      Carson City, Nevada 89701

14  (ECF No. 9 at 5.) Consequently, on that date, Johnson knew that the petition had been

15  sent not only to the wrong court, but also to the wrong city.

16      Johnson argues that, under state law, the Nevada Supreme Court should have

17  transferred the petition to the Eighth Judicial District Court. A post-conviction habeas

18  corpus petition that challenges the validity of a judgment of conviction and is filed under

19  Chapter 34 of the Nevada Revised Statute must be filed with the clerk of the district court

20  in the county in which the conviction occurred. *See* NRS § 34.738(1). If such a petition is

21  not filed in the district court for the correct county, then the clerk of the incorrect county

22  must transfer the petition to the clerk of the district court for the correct county. *See* NRS

23  § 34.738(2). The date of filing of the petition is deemed to be the date that the clerk of the

24  incorrect county received the petition. *Id.*

25      What Johnson misses is that by sending a habeas corpus petition to the Nevada

26  Supreme Court, Johnson necessarily did not file a post-conviction habeas corpus petition

27  under Chapter 34 of the Nevada Revised Statutes. The Nevada Supreme Court has

28  constitutional jurisdiction to issue a writ of habeas corpus independent of statutory law.

4

*See* Nev. Const., Art. VI, § 4(1). Section 34.738 does not, and cannot, repeal that constitutional grant of jurisdiction. *See Blair v. Crawford*, 275 F.3d 1156, 1158-59 (9th Cir. 2002) (citing *Kussman v. Eighth Jud. Dist. Ct.*, 612 P.2d 679, 680 (Nev. 1980) (Gunderson, J., dissenting)). In other words, the Nevada Supreme Court was not the incorrect court; it simply declined to exercise its original jurisdiction in favor of the statutory procedure. It was upon Johnson to follow the Nevada Supreme Court's instructions and file a post-conviction habeas corpus petition in the state district court.

Ultimately, for the purposes of timeliness of this federal habeas corpus action, it is irrelevant that the state habeas corpus petition went to the Nevada Supreme Court. The time that the state petition was pending in the Nevada Supreme Court did not count toward the one-year period of limitation. *See* 28 U.S.C. § 2244(d)(2); *Blair*, 275 F.3d at 1159. Johnson still had 71 days after issuance of the notice in lieu of remittitur to file a federal habeas corpus petition. The Nevada Supreme Court stated in its order denying the state habeas corpus petition that it was sending a copy of the order to Johnson. *Johnson v. State*, Case No. 71064.[5] Johnson does not argue that he never received that copy. What makes the current federal habeas corpus action untimely is not that the state habeas corpus petition ended up in the Nevada Supreme Court, but that Johnson did not file anything in this Court in the 71 days after those state habeas corpus proceedings concluded.

## C.    EQUITABLE TOLLING IS NOT WARRANTED

Johnson does not explicitly argue that the Court should grant him equitable tolling, but the Court will consider it on its own. Equitable tolling is not warranted in this case. First, the Court assumes for the purpose of this order that Johnson believed he sent his state habeas corpus petition to the state district court and not to the Nevada Supreme Court, and such a belief would have led him to not file a federal habeas corpus petition. Even if this was an extraordinary circumstance, it ended quickly. Johnson knew or should

---

[5]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=40281 (report generated November 8, 2021).

1    have known by August 22, 2016, that the state habeas corpus petition was sent to the

2    Nevada Supreme Court, because Johnson signed the prison's legal mail form showing

3    the Carson City address on that date. If Johnson missed that address on the form, then

4    Johnson knew the state habeas corpus petition went to the Nevada Supreme Court when

5    he received a copy of that court's order denying the petition soon after October 13, 2016.

6    At most, the extraordinary circumstance lasted around two months.

7         Second, Johnson has not acted diligently. As noted above, Johnson still had 71

8    days remaining in the one-year period of limitation to file a federal habeas corpus petition

9    after the state habeas corpus proceedings concluded. Instead, Johnson waited more than

10   two years before commencing this action. That amount of time, without anything pending

11   in the state courts until shortly before Johnson commenced this federal action and without

12   anything else preventing him from litigating, is not diligent. *See Smith*, 953 F.3d at 598-

13   99. Accordingly, Johnson is not entitled to equitable tolling.

14        Moreover, reasonable jurists would not find the Court's determination to be

15   debatable or wrong, and the Court will not issue a certificate of appealability.

16   **V.    CONCLUSION**

17        It is therefore ordered that Petitioner Tabuta Johnson's motion showing cause

18   (ECF No. 9) is denied.

19        It is further ordered that this action is dismissed with prejudice because it is

20   untimely.

21        The Clerk of Court is directed to enter judgment accordingly and close this action.

22        It is further ordered that a certificate of appealability will not issue.

23        DATED THIS 9th Day of November 2021.

24

25

26                                    _____
                                      MIRANDA M. DU
                                      CHIEF UNITED STATES DISTRICT JUDGE
27

28

6